Curia, per Dunkin, Chancellor.
By the decree made in this case, reported in Rice’s, Eq. R. 369, it was held, that the defendant must account for the complainants’s slaves, while in his possession as “one who had discharged his trust in honesty and good faith.” At the references under that decree, evidence was offered by the complainants, of what would probably be the annual hire of such negroes, during the nineteen years, in which they were held by the defendant, and on the other hand, the defendant attempted to shew, what had been actually realized; and for this purpose, offered testimony as to his situation, when his fiduciary relation commenced, his habits of life, the estate he had accumulated when his trust ceased, and the proportion which the capital of the complainants bore to the entire capital employed. The defendant proposed to pay a specific sum, as a larger amount than that to which the complainants would be entitled on these principles. The commissioner, admitting that the result would be more in accordance with justice, than by any other rule which could be adopted, felt himself controlled by the former decree, or because such testimony would not furnish a general rule. In reforming, the report of the commission *341 er, neither the Circuit nor the Appeal Court should he understood to have fixed any specific sum for which the defendant was liable. While stating that the testimony must necessarily be varied according to the circumstances of each particular case, the Circuit Court declare, that the proof tendered by' the defendant was properly admissible, and that if the commissioner, acting on-that testittiony, had reported the sum tendered as á full account, on the principles heretofore established, it would have been no violation of any general rule of evidence, or of any former decree in this particular case. But it was perfectly competent for the . complainants, under that decree,- to shew, that the defendant had made more, or that, exercising ordinary diligence and skill, he ought to have made moré; or that the proportion offered to the complainants was/not according to their interest. The report was sent back to the commissioner, additional testimony was received, and the commissioner reported the sum of $3,698,28, as the amount due by the defendant, on the principles of the decree of June' 1840, as affirmed by the Court of Appeals. It is supposed, that the conclusions of the commissioner are merely conjectural. But this is not perceived. The proof must be according to the purpose, to' be accomplished. The object is. to ascertain the profits realized by a bona Jide trustee. What the defendant originally possessed, and what he left at his death, are ascertained with precision.. His habits of extreme frugality, even to .parsimony, are beyond doubt. This would not be satisfactory, if he made little or nothing. But the complainant’s, slaves consisted of a man and his wife, with three children, whose entire annual hire was estimated at $71. Under the supervision of the defendant, they had increased to ten, and their share of the profits, during the time, is estimated at $3698. In this state of the proof, we think the defendant should not be compelled to account for the annual hire. After carefully reviewing.the testimony, embodied in the report of the commissioner, we are of opinion, that the actual profits realized by the defendant have been ascertained with reasonable accuracy. This Court resorts very reluctantly to the principle of charging a trustee with the annual hire of negroes committed to his custody, under such *342 circumstances. In most cases, it would be ruinous to tlie trustee, and if the rule were once understood, it would soon induce consequences, not less disastrous to the interests of the cestui que trust.
It is objected to the report of the commissioner, that no account has been taken of the expenses of the defendant’s family. But on the other hand, no charge is made for his own services, or for the rent of the land, in which the complainants had no interest. On the whole, adverting to the principles declared in the former decree, the Court are quite satisfied, that the amount reported in favor of the complainants, is more than their proportion of the profits, realized by a faithful agent; and that if the principle adopted by the commissioner cannot be of general application, it is because few defendants, at the end of a series of years, would be so fortunate in their testimony, as to frugal management and satisfactory results. In the judgment of the Court, the exceptions to the commissioner’s report should have been overruled, and the report confirmed, and it is now so ordered and decreed.
BENJ. F. DUNKIN. .